1 FRANK N. DARRAS #128904, Frank@DarrasLaw.com
2 SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
  PHILLIP S. BATHER #273236, PBather@DarrasLaw.com
3 **DarrasLaw**
4 3257 East Guasti Road, Suite 300
  Ontario, California 91761-1227
5 Telephone:  (909) 390-3770
6 Facsimile:  (909) 974-2121
7 Attorneys for Plaintiff
  JAE YU
8

9 UNITED STATES DISTRICT COURT
10 CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| JAE YU, | Case No: |
| Plaintiff, | COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE WELFARE BENEFIT PLAN |
| vs. | |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA; and, PANDA RESTAURANT GROUP, INC. PLAN, | |
| Defendants. | |

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq*. (hereafter "ERISA") as it involves a claim by Plaintiff for Disability benefits under an employee benefit plan regulated and governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. § 1391(b)(2), and the ends of justice so require.

3. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff is informed and believes and thereon alleges that the PANDA RESTAURANT GROUP INC. PLAN ("Plan") is an employee welfare benefit plan established and maintained by the Panda Restaurant Group, Inc. ("PANDA") to provide its employees and those of its subsidiaries and affiliates, including Plaintiff JAE YU ("Plaintiff") with income protection in the event of a disability and is the Plan Administrator.

5. Plaintiff alleges upon information and belief that Defendant THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA ("GUARDIAN"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of New York, authorized to transact and transacting the business of insurance in this state, and, the insurer and Claims Administrator for the Plan.

6. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that GUARDIAN, who fully insured the policy and who is ultimately liable if Plaintiff is found disabled, may be found in this district. Since on or about August 3, 1899, GUARDIAN has been registered as a corporation with the state of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

7. At all relevant times Plaintiff was a resident and citizen of the State of California, an employee of PANDA, its successors, affiliates and/or subsidiaries, and a participant in the Plan.

8. Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under group disability policy number G-00485194-FN that had been issued by GUARDIAN to insure the Plan, and the eligible participants and beneficiaries of the Plan, including Plaintiff.

9. The Plan defines "Total Disability" or "Totally Disabled" as follows:

- As a result of sickness or injury, a Covered Person is:
  - Not able to perform with reasonable continuity the substantial and material acts necessary to pursue his or her usual occupation and the covered person is not working in his or her usual occupation during the elimination and own occupation periods; and
  - Not able to engage with reasonable continuity in any occupation in which he or she could reasonably be expected to perform satisfactorily in light of his or her age, education, training, experience, station in life, and physical and mental capacity, after the end of the own occupation period.
- Substantial and Material Acts: The important tasks, functions, and operations generally required by employers from those engaged in his or her usual occupation that cannot be reasonably omitted or modified.
- Usual Occupation: The employment, business, trade, or profession that involves the substantial and material acts of the occupation the covered person was regularly performing for the employer when the disability began.
- Elimination Period: 180 days
- Own Occupation Period: 24 months
- Benefit Percentage: 60%
- Maximum Monthly Benefit: $10,000

10. Prior to his disability under the terms of the Plan, Mr. Yu was working as a Finance Manager for PANDA.

11. On or about April 11, 2019, Plaintiff became disabled under the terms of the Plan due to exertional limitations from his strain of the lumbar spine, and non-exertional limitations secondary to his anxiety and depressive disorders.

12. On or about April 11, 2019, Plaintiff underwent an Intensive Outpatient Assessment from Sonia Menon, M.F.T.

13. On or about April 11, 2019, Francis Shih, M.D. placed Plaintiff off work from April 11, 2019, through April 26, 2019.

14. On or about April 22, 2019, Sinh Tran, M.D. extended Plaintiff's off-work status through May 17, 2019.

15. On or about May 14, 2019, Dr. Tran extended Plaintiff's off-work status through May 31, 2019.

16. On or about May 31, 2019, Dr. Joseph Bahan saw Plaintiff in his office for an initial evaluation. Mr. Yu was reported to have moderate pain in his cervical, thoracic, and lumbar spine, as well as persistent pain in his bilateral shoulders. Examination of Plaintiff was noted to reveal tenderness to palpation of the muscles of his cervical, thoracic, and lumbar spine, and bilateral shoulders. Dr. Bahan placed Mr. Yu on temporary total disability at this time and indicated he would not be able to work through July 15, 2019.

17. On or about June 26, 2019, Plaintiff was examined by Dr. Bryan Aun. Dr. Aun indicated the pain and physical limitations were still present, and extended Mr. Yu's off-work status through August 10, 2019.

18. On or about July 31, 2019, Dr. Aun extended Plaintiff's off-work status again through September 14, 2019.

19. On or about August 28, 2019, Dr. Aun indicated that the pain complaints and clinical findings from Plaintiff's initial examination by Dr. Bahan were still present. Dr. Aun also extended Mr. Yu's off-work status through October 12, 2019.

20. On or about September 30, 2019, Dr. Aun completed an Attending Physician's Statement regarding Plaintiff's disability. The doctor noted that Mr. Yu's primary impairments were sprain of ligaments of lumbar spine and sprain of neck, with his secondary impairment being an anxiety disorder. Plaintiff was advised to cease work with his estimated return to work date being December 12, 2019.

21. On or about December 9, 2019, Dr. Aun indicated that Plaintiff was still experiencing moderate pain in his cervical and lumbar spine, along with persistent pain

in his bilateral shoulders. Tenderness to palpation of the muscles of Mr. Yu's cervical and lumbar spine and bilateral shoulders was also noted. Dr. Aun extended Plaintiff's off-work status through January 23, 2020.

22. On or about March 6, 2020, Dr. Anthony Francisco completed a Work Status report regarding Plaintiff's condition. Dr. Francisco indicated that Mr. Yu was still totally disabled and should remain off work through May 6, 2020.

23. On or about March 17, 2020, Dr. Serina Hoover provided an updated Psychological Qualified Medical Examiner Report. It was Dr. Hoover's opinion that Plaintiff was still unable to perform his usual and customary occupation.

24. Despite all the disability certifications from Plaintiff's doctors, Defendant GUARDIAN unreasonably and unlawfully denied Plaintiff's claim in correspondence dated January 24, 2020. Plaintiff timely appealed the denial of his claim. GUARDIAN again denied Mr. Yu's claim in correspondence dated September 1, 2020.

25. According to GUARDIAN's denial letters:

- **January 4, 2020:** "…the medical information submitted to date does not support restrictions and/or limitations preventing you from performing on a full-time basis your usual occupation. […] Should you wish to appeal this decision, you need to submit your reasons for appeal to Guardian in writing, and you must provide Guardian with medical evidence supporting your disability…"
- **September 1, 2020:** "After a thorough review of your file… we find that no benefits are payable in connection with this claim. […] This is Guardian's final position on this matter as all administrative remedies have been exhausted."

26. To date, even though Plaintiff has been disabled since April 11, 2019, GUARDIAN has not paid Mr. Yu any disability benefits under the Plan. The unlawful nature of Guardian's denial decision is evidenced by, but not limited to the following:

- GUARDIAN engaged in procedural violations of its statutory obligations under ERISA, including, but not limited to, failing to promptly identify the medical consultants who reviewed his file; failing to timely advise Plaintiff of what specific documentation it needed from him to perfect his claim; and

- GUARDIAN ignored the opinions of Plaintiff's board certified treating physicians and/or misrepresented the opinions of Plaintiff's treating doctors.  Deference should be given to the treating doctors' opinions as there are no specific, legitimate reasons for rejecting the treating doctors' findings which are based on substantial evidence in the claim file.  GUARDIAN denied Plaintiff's benefits based on record reviews by financially-conflicted physicians, whose opinions do not serve as substantial evidence as they are not supported by evidence in the claim file, nor are they consistent with the overall evidence in the claim file.

27. For all the reasons set forth above, the decision to deny disability insurance benefits was wrongful, unreasonable, irrational, sorely contrary to the evidence, contrary to the terms of the Plan, and contrary to law. Further, Defendant GUARDIAN's denial decision and actions heighten the level of skepticism with which a court views a conflicted administrator's decision under *Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955 (9th Cir. 2006) and *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2342 (2008).

28. Additionally, ERISA imposes higher-than-marketplace quality standards on insurers. It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim

denials"; and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B).

29. As a direct and proximate result of GUARDIAN's failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits from April 11, 2019, through the present.

30. As a further direct and proximate result of the denial of benefits, Plaintiff has incurred attorney fees to pursue this action, and is entitled to have such fees paid by Defendant pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

31. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that he meets the Plan definition of disability and consequently he is entitled to all benefits from the Plan to which he might be entitled while receiving disability benefits including, but not limited to, reimbursement of all expenses and premiums paid for such benefits from the termination of benefits to the present. In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plan.

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. An award of benefits in the amount not paid Plaintiff from April 11, 2019, to the present, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid; plus all other benefits from the Plan to which he might be entitled while receiving disability benefits including, but not limited to, reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plan;

2. An order determining that Plaintiff is entitled to future payments so long as he remains disabled as defined in the Plan;

3. For reasonable attorney fees incurred in this action; and,

///

///

4. For such other and further relief as the Court deems just and proper.

Dated: September 9, 2021

DarrasLaw

_____
FRANK N. DARRAS
SUSAN B. GRABARSKY
PHILLIP S. BATHER
Attorneys for Plaintiff
JAE YU